## Whitaker v. Whitaker

*Barry L. Smith,* for plaintiff.
*Samuel F. Bonavita,* for defendant.

WOLFE, P.J., September 29, 1986 — Plaintiff has filed a petition to hold defendant in contempt by reason of defendant's failure to comply with the court's order of July 17, 1986, wherein the court adopted the master's report in divorce which recommended, in making equitable distribution of the parties' property, that defendant pay to plaintiff the sum of $1,631.38. This amount was recommended by the master to equalize the equitable distribution of the parties' property following their divorce on January 30, 1986.

Rather than paying the amount as ordered, defendant filed a bankruptcy petition with the U.S. Bankruptcy Court, Western District of Pennsylvania and listed, under Schedule A-3 — Creditors Having Unsecured Claims Without Priority, plain-

tiff as a creditor with a claim of equitable distribution as part of the divorce proceedings at no. 4 of 1986 in the Court of Common Pleas of the 37th Judicial District, Warren County Branch, in the amount of $1,631.38.

To this court this is a unique issue, and we have not been favored with any cases on point from counsel nor have we found any directly related by our own research.

Plaintiff argues the laws of the Commonwealth and court order thereon in domestic matters of divorce and equitable distribution should not be so easily thwarted by the spouse directed to make distribution to the other simply by filing bankruptcy and thereby circumventing the obligation entirely. We do not perceive the issue to determine if defendant properly submitted the obligation to bankruptcy, but rather if she should be held in contempt of court order by doing so. There can be no reasonable argument against the fact defendant incurred an indebtedness to plaintiff on July 17, 1986, as this was a judicial order to pay the amount and as such, in our view, is to be treated in no other manner than that thereafter plaintiff became a general creditor to Defendant. Unquestionably, defendant is a debtor as that term is defined in the Bankruptcy Act, 11 U.S.C.A. 109. The Bankruptcy Act, Pub.L. 95-598, November 6, 1978, 92 Stat. .2520; Title 11, U.S.C.A. §362, provides for an automatic stay of:

"(1) The commencement or continuation, including the issuance of employment of process, of a *judicial,* administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that

arose before the commencement of the case under this title;" (Emphasis added.)

The automatic stay provision exceptions are not applicable to the factual situation in this case, e. g., the stay provisions do not apply for the collection of alimony, maintenance or support for property that is not property of the estate.

Factually, the parties, previous to divorce, were separated for four years by defendant vacating the marital residence and removing with her all the marital property as well as alleged items of non-marital property of plaintiff. Subsequent to the divorce master's report, as adopted by the court, defendant refused to honor the monetary equitable distribution due plaintiff and threatened, according to counsel, if contempt proceedings were instituted defendant would file bankruptcy on the account; indeed, the petition for contempt was filed on August 25, 1986, for a scheduled hearing on September 12, 1986, and defendant's bankruptcy petition was filed September 10, 1986. The only debt indicated on the bankruptcy schedule was the amount due plaintiff of $1,631.38.

## ISSUE

Does the bankruptcy filing remove or stay the jurisdiction and the authority of the court to proceed in the contempt issue?

## DISCUSSION

Our review of the Bankruptcy Code compels the conclusion the attempted discharge of a judicial order for payment of a monetary amount, although may be recognized by the bankruptcy court, does not compel a stay or void the court of jurisdiction of

the issue of contempt. Contemptuous acts are not dischargeable in a bankruptcy proceeding. Non-summary contempt may be held when a party disobeys a proper court order and has the means to comply with the order. The domestic Divorce Code of this Commonwealth would be subject to havoc by this deviation of obligation through bankruptcy if there be any merit in defendant's position. Common sense and logic dictate the spouse being awarded the marital property subject to payment of a monetary amount to the other spouse equal to the latter's distributable share may not be avoided by bankruptcy procedure. The function and recommendation of the master in awarding all of the marital property to defendant subject to plaintiff's monetary distribution and share thereof is to prevent a public sale of the property to convert it to a cash distribution to both. Thus, it is apparent defendant, in accepting the marital property by not filing exceptions to the master's recommendation, is compelled to honor plaintiff's cash distributable interest and may not avoid the obligation in the manner in which she has attempted. One may not keep the fruits of another's labor by ill-will conduct and attempting to use judicial process to consummate it. The Bankruptcy Act was never structured to assist a debtor to work a fraud upon creditors. The Bankruptcy Act, 11 U.S.C.A. 523, addressing exceptions to discharge in bankruptcy, denies discharge of an individual debtor from any debt (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. When defendant took possession of the parties' marital property and thereafter had the possession confirmed by the court order subject to payment to plaintiff, defendant holds the property in a fiduciary custodial capacity. To permit defendant to discharge the debt obligation in bankruptcy and

to keep the entire marital property is simply a fraud and a breach of a fiduciary duty to plaintiff.

Finally, we certainly consider the fact defendant filed only the single indebtedness due plaintiff that this is an abuse of judicial bankruptcy process, and the bankruptcy court should treat it as such.

We therefore conclude the power of the court through contempt procedure to enforce its orders has not been abrogated by defendant's bankruptcy filing, and by so filing has attempted to commit a fraud upon plaintiff and has abused judicial process.

For these reasons we enter the following:

## FINAL ORDER

And now, this September 29, 1986, defendant is found in contempt of court order and ordered to pay $1,631.38 to plaintiff and an additional amount of $300 to plaintiff's counsel as incurred attorney fees, together with sheriff's costs of $20.80 and the additional record costs incurred by this proceeding.

In the event defendant has insufficient cash to make the payment herein ordered within the time hereafter stated, defendant shall deliver to plaintiff a sufficient amount of the parties' marital property to equal the aforesaid amount, and such fair market value shall be determined by the special master in divorce heretofore appointed and his costs and fees shall be paid by defendant.

Defendant is granted 30 days from the date of filing of this order to comply with it.